The final case on calendar for argument is RBC Alliance v. City of Seward. All right, Counsel, please proceed. Good morning, Your Honors. May it please the Court, my name is Victoria Clark, and I represent the appellants and appellees in this case, Resurrection Bay Conservation Alliance and Alaska Community Action on Toxics. First, I'll address the Attorney's Appeal, and then the City's motion to dismiss part of the judgment. And the appellants in this case are seeking a remand on both of these issues. This case challenged the fact that the City of Seward did not have a Clean Water Act permit for stormwater discharges. That complaint has two counts, and the appellants prevailed on both. The relief that the appellants sought was declaratory relief and injunctive relief, as well as civil penalties and attorney's fees. The Court awarded declaratory relief and injunctive relief, requiring the City to get a permit, and initially decided not to award civil penalties and attorney's fees. On post-judgment orders, the Court did award a civil penalty of $1, which is a nominal penalty, which is allowed under the Clean Water Act,  In denying attorney's fees, the District Court used its unfettered discretion to do so. That is an incorrect legal standard that has been clearly put to rest three weeks ago by this Court in St. John's Organic Farm, which the opinion was amended on Monday. We were curious as to why no 28J letter was filed directing our attention to that case. Your Honor, I actually thought of that in the last few days, but I had something to file, and the opposing counsel had raised the underlying case in her opposition brief, so I did not file a 28J letter in this case. The language of the Clean Water Act for awarding attorney's fees is that the Court may award the cost of litigation to any prevailing or substantially prevailing party whenever the Court determines that such an award is appropriate. So there are two parts to this standard, whether or not you have a prevailing party and whether or not the award is appropriate. So essentially, we need to remand this for the District Court to apply the St. John's ruling. Yes, but I think that the Court in this case can make the determination on the fact that the opponents in this case are the prevailing parties and simply remand for determination of the award for attorney's fees. And the reason that that is is the prevailing party standard is that the prevailing party is the one who has obtained judicially enforceable actual relief on the merits that materially altered the legal relationship. But it's still discretionary with the District Court regarding whether an attorney's fees award is appropriate under 1365B. It's not mandatory. Right, but the prevailing party piece in this case, because we had two counts and prevailed on both, I think the Court can find that we are the prevailing parties here. The determination will be whether the award is appropriate. And in that circumstance, this Court has adopted the Newman v. Piggy Park Enterprises standard from the U.S. Supreme Court and has stated that attorney's fees are ordinarily recovered unless there are special circumstances. And that special circumstances, it's extremely rare not to award attorney's fees to a prevailing party, and there are no special circumstances in this case. And that is because the defendant's good faith belief that was following the law does not qualify as special circumstances. So the appellants in this case request that this Court find that the District Court incorrectly denied appellant's attorney's fees in this case, vacate that part of the judgment, and find that the appellants are the prevailing parties and remand to the District Court for the determination of attorney's fees.  It's my understanding that you don't challenge the motion to dismiss, but you challenge the posture that the case would return to the District Court. Is that correct? Yes, Your Honor. Could you expand on that? We do not disagree with the City dismissing its cross-appeal in this case, but we do believe that the City is incorrect on the procedure for doing so. The City is requesting that part of the underlying judgment be vacated as to one of the sites here, and in doing so has submitted a letter from EPA. And that EPA letter is a new fact. It was not considered by the District Court. The District Court is the fact finder, and therefore that needs to be remanded for the District Court to determine. So you don't want the District Court to be the fact finder on the prevailing party issue, but you want the District Court to be the fact finder on the issue of whether or not the motion to dismiss should be granted? Yes, Your Honor, and I think that that can be done because the facts are clear and established as far as the prevailing party standard, and there are facts to be determined in an award of attorney's fees. When we review this, do we consider at all the remedy that was sought and the remedy that was received? I think that the Court takes that into consideration, but it's the District Court that does so. And maybe it did when it fixed the attorney's fees. That's the reason I ask you the question. Well, there are cases where the parties settle, and the type of relief that's obtained in the settlement is not the same as what is obtained if the Court should have ruled. In fact, the St. John's Organic Farm case is in that posture. And so the Court determines that there has been a material alteration of the relationship with the parties and that there's a judicially enforceable remedy there and determined that they're a prevailing party. So you don't necessarily have to get everything that you pled for as relief. You just need to get relief in the case that has changed, materially changed that relationship. So basically, I think I've made all the points here that I need to make, and if there are no further questions, I'll just stand and do a rebuttal when the opposing counsel is through. All right, thank you, Counselor. Thank you. Good morning. Good morning. May it please the Court, my name is Cheryl Brooking, and I'm representing the City of Seward. We have two issues before you today. First, we ask that you approve the City's motion to vacate a portion of the District Court's decision that requires a stormwater discharge permit in the Seward Small Boat Harbor. Second, we ask that you affirm the District Court's decision that each side bear its own fees and costs in this case. First, with regard to the City's motion, automatic vacater, if I'm pronouncing that right, is required in this case under Munsingwear and the Arco case that were cited in the brief because of events which happened outside of the actions of the parties. Neither party has taken any actions that require that decision to change. It's just that the EPA has finally, as the permitting issuing agency, come and visited the site and determined that no permit is required. How would it be appropriate for the District Court, if this case is remanded, why wouldn't it be appropriate for the District Court to look at that and determine whether or not to vacate its order as opposed to us telling the District Court to vacate it? This Court does have the authority to make that decision on its own. But why should we exercise that authority to make the decision when we can send it back to the District Court, which is familiar with all of the proceedings and the record to make the determination whether or not it wants to vacate its prior ruling? Your Honor, you could do that if you want. It seems like kind of a waste of time because the EPA can't issue the permit that we've been asked to get. And that also, if it's not vacated, it leaves a precedent that any small boat harbor in Alaska could be required to apply for a permit and go through the steps of applying for a permit that can't be obtained. Well, it's not a precedent. District Court decisions are not precedential. This was a published decision. Still not precedential. The plaintiffs did argue that they wanted to take this decision and go around the state and use this as a precedent for other harbors in Alaska. So they do intend to do that, and that was in the record at the oral argument for summary judgment. The other issue that we're facing is that a cross-appeal on this issue has been stayed pending the ruling on this motion. So we really haven't briefed the issue on this. So just to mention as an aside, the basis of our cross-appeal would be that the facts that the District Court based the decision for the permitting in the small boat harbor were based on findings that related only to the upland boat storage area on the other side of Resurrection Bay. There were two sites at issue in this case. So the parties haven't briefed that cross-appeal issue yet. The point that I would like to make is that neither party here has changed its litigation position. There's been no settlement. There's been no voluntary resolution through mediation or any other matter. It's simply the EPA's decision that there's no permit required that moots any controversy between the parties as it relates to the Seward Small Boat Harbor. This decision, the outcome of this, may also affect the decision on the second issue that I'm about to address, and that is the issue of attorney fees and who's the prevailing party in this matter, and if there is a prevailing party, how that decision on award of fees should be made. The second matter before the Court today is resolution of the appellant's claims that they're automatically entitled, and entitled is the word that they did use in their brief, to full attorney fees and costs pursuant to 505 of the Clean Water Act. And they've cited the statute, which provides that the prevailing or substantially prevailing party may receive an award of attorney fees and costs whenever the Court determines that such an award is appropriate. Now, the Supreme Court in several cases has said that you look to the plain language of the statute as a starting point and presume that a legislature says in a statute what it means, and means in a statute what it says. Did the District Court make a determination whether or not there was a prevailing or substantially prevailing party in this case? No, not directly. Neither party was determined to be a prevailing party. There was a decision and some facts to support that decision that each side is to bear its own fees and costs. That decision was made. Neither party was prevailing. Why wouldn't it be prudent for us to remand this case back for the District Court to apply the analysis we set forth in St. John's Organic Farm and determine whether or not there is a prevailing or substantially prevailing party, and if so, whether or not attorney fees should be awarded? In this case, I think that the analysis done by the District Court makes that remand step unnecessary. Not to mention the fact that a petition for a re-hearing on Bonk has been filed in the Jim County case. So I'm not quite sure how that one's going to shake down. I do recognize that that decision is out there. It came out just a few weeks ago. What the District Court found is it looked to, and one of the tests in Jim County is, does that further the purpose of the Act? And in this case, the District Court clearly said that an award of fees in this case would not further the purposes of the Clean Water Act. And that's also consistent with the Gwaltney decision. In this case, the District Court also addressed the issue of standing that the city raised, because there were allegations of a lot of different kinds of harm. They alleged that the city was directly and adversely affecting health, economic, recreational, scientific, aesthetic, educational, conservation, and commercial interests of its members. Now under Gwaltney, all you have to do is allege harm to get standing. But Gwaltney also says that to prevail under Section 505, you have to provide evidence and prove those issues. There was no evidence, and the Court specifically found in its decision no evidence was provided. And I refer you to the excerpts of record, I believe page 233, that's a sample of some of the discovery responses. We tried in vain to find out what they were talking about. What is being discharged? Who is discharging it? It turns out that it's just water. The city was ultimately required to obtain a permit for the east side of Resurrection Bay where it owns a piece of land and allows people to store their boats on it. It's the upwards vessel storage site. The Court found that the city is an operator of an industrial facility because the city transfers boats to and from the site, because the city plows snow in the winter, and because the city maintains the ditches and culverts that run parallel to this piece of property because it's a pretty flat area and it ices up, and so they need to melt the ice in the ditches and the culverts to keep the water flowing in the winter. That was sufficient to make the city the operator and have control over the site where people store their boats. So the city is getting a permit on that site. But it's important to note that the idea that they asked for two things and prevailed on both of those is not quite true here. You see in the brief, I won't go through all of those issues, but they've alleged a lot of stuff that they basically just gave up, but they never amended their complaint. So what you need to do, as Your Honor correctly stated earlier, Idaho Conservation League says you look at what was requested, you look at what was received. They asked for injunctive relief to stop the discharge, and the Court specifically asked them, are you asking me to stop the discharge of rain? And they admitted that that could not be done. At the oral argument for the first time, they said the only thing they're asking for is a permit for the rain to go through the ditch. They alleged that there was TBT, grease, cupric oxide, a list, a litany of materials that the city was discharging into Resurrection Bay. No evidence was ever presented to any of that. They asked for injunctive relief to require the city to clean up the bay. The city proved that none of these materials were in the bay. They acknowledged they had no evidence to support these claims. Nonetheless, they asked for $76 million in civil penalties from a town of 2,500 people. The Court initially said civil penalties in this case are not warranted at all. They responded by asking for rehearing and reconsideration. The city reluctantly agreed to pay a dollar in civil penalties because of the word shall in the statute. Leslie Salt distinguished between shall versus may. The attorney fee provision in the Clean Water Act, 505, uses the word may. Now Leslie Salt says that should mean what it says. It doesn't entitle the plaintiffs to attorney fees and costs when they got one thing out of this whole litany of unmerited claims that they made. One case I would like to mention is the Marbled Mural at the Ninth Circuit case. It says once it becomes clear that the plaintiff's claims have no merit, then the defendant should be entitled to attorney fees to defend these meritless claims. To be recognized as a prevailing party, the plaintiff must show actual relief on the merits of its claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. The plaintiff hasn't showed harm. They haven't showed any change. There is no change in what the city is doing. The city is continuing to plow snow, keep the ditches flowing, haul boats to and from the vessel storage site. There's been no modification of the behavior. There's certainly been no modification that directly benefits the plaintiff. There's been no harm shown. So it's a little difficult to address claims that had no evidence. Ms. Brooklyn, what, in your view, should be the decision of this Court? With regard to the attorney fees and costs issue, I ask this Court to affirm the district court's decision that each side is to bear its own fees and costs. I think that decision was aptly supported in the record. In fact, the district court made specific factual findings, and I can give you a few of these here. Now, none of these facts were opposed by the plaintiffs in their current briefing here before this Court. The city contacted EPA in 2005 to find out whether a permit was actually needed for either of these two sites. Initially, EPA said that no permit was required, and then subsequently said it had no opinion on the matter. They never came up and actually looked at the site until 2008, after the district court had ruled. Second, the court did not find in the plaintiffs' favor on most of its claims. Third, the court found that the lack of any evidence presented by the plaintiffs, combined with the efforts of the city, lessened the seriousness of any violation that might be occurring. Counsel, the difficulty with your argument is it points out the fact that the district court didn't make a determination as to whether either party was a prevailing party or a substantially prevailing party. The court made the finding that the plaintiffs did not prevail on most of their claims or some of their claims or many of their claims, but still could have found the plaintiff to be a substantially prevailing party. It didn't say one way or the other. That's the problem with us trying to determine whether or not we should affirm that decision because we don't know if the district court and that's the starting point for determining whether or not attorneys' fees should be awarded. If the party is a prevailing party or a substantially prevailing party, generally fees should be awarded. And so without the court having made that finding, it's difficult for us to determine whether or not we should affirm that. I agree with the two-part test. First, for the plaintiff to recover, there must be determined to be the prevailing party. That decision wasn't made, so we could infer from the court's decision that the plaintiff was not the prevailing party. But the court did specifically explain the reasoning why each side was to bear its own costs and fees and said that the reasons are the same as those that negate the reason for imposing civil penalties on the city. And those were the factors that I was beginning to list here. There were no evidence of any actual pollutants other than water. No other harbor in Alaska or anywhere where the EPA has jurisdiction has a stormwater discharge permit for these activities. And probably the most important is that the intent of the Clean Water Act and the intent of Section 505 is not intended to prohibit responsible use of a resource or to make use costs prohibitive. Those are the court's words. The intent of the Clean Water Act, as stated by Congress, is to restore and maintain the chemical, physical, and biological integrity of the nation's waters. There's nothing in the outcome of the case that furthers this declaration of Congress's objective. Rainwater continues to flow. The city intends to continue plowing and moving boats. Vessels continue to be stored on the site. The city has filed a notice of intent with the Environmental Protection Agency to obtain a permit as the operator of the site because boats are stored there. The U.S. Supreme Court in Farrar has fined that if there is a minor or technical success, then that supports an award of no fees at all. And that's essentially what the district court did here, even if a party is a prevailing or substantially prevailing party. The plaintiffs here were, as in Farrar, unable to prove the essential elements of their claims, nor could they prove actual injury as required by Gwaltney. So to summarize, I realize I'm out of town here, but out of time, could I briefly? You gave me 20 minutes, so you should have been able to state your case number. Oh, I'm sorry. Fifteen. Oh, 15, I'm sorry. You gave me 15. This type of haphazard, groundless lawsuit should be discouraged, not paid for, on the backs of 2,500 people who only confirmed activities to make it an operator of an industrial site or keeping frozen ditches flowing, moving boats to and from the site, and plowing snow in the winter. No one employed by the city works on boats. All right. Thank you, counsel. Thank you. Rebuttal. Thank you, Your Honors. I guess I find it interesting that the city is arguing the merits of the case when that has been determined by the lower court. The lower court, there were two claims in this case, one for each site. The lower court found in our favor on both. Judge Ferris doesn't like for you to call the court the lower court. Oh, excuse me, the district court. I'm sorry. I will not make such a mistake again. And the St. John's case put to rest the language about may and shall within the Clean Water Act's attorney's brief provision. And it did so by going to all of the decades of precedent under civil rights litigation as far as what is a prevailing party and what is a determination of the fees appropriate. We don't have that here. The district court didn't make a determination. So what are we to do? Well, as I stated, the facts are there to make the legal determination under the rule of the material change in the relationship between the parties here. Isn't that a factual finding? I don't think so when the court has actually already ruled in our favor. Well, but that doesn't make you a prevailing party just because you get a ruling in your favor. The court has to balance everything and see the extent to which you prevailed, what issues you prevailed on. And then we review that for an abuse of discretion. I suppose you could look at it that way, but I think that you would. What does the case authority say about a district court's determination of prevailing party status? What kind of determination is that? Is it a factual determination or a legal determination under our precedent? Well, I guess it's applying the facts to the law, and the facts are available here. But the actual determination of who is a prevailing party, is that a legal determination or is that a factual determination under our precedent? It's a factual determination, but the threshold for relief and to confer prevailing party status is very low. But we don't find facts on appeal. And I agree with that, Your Honor, but I think you can look to the record to see that the district court actually did do that. On excerpts of record page 41, the court stated, although there is a legal basis for the plaintiff's claim that the court ultimately ordered the city to apply for an NPDES permit, the court declined to grant the full relief sought by the plaintiffs. The district court didn't actually give any opportunity to argue about that. But I think that the facts of this case are clear enough that this court can make a determination that the appellants are the prevailing parties. The difficulty is that it's not clear because you're arguing for us to find one way, and you're opposing counsel is arguing for us to find a different way. And that's the epitome of what the district court judges do as opposed to what we do on appeal. Well, and we would be fine with the court remanding for a determination of both. We just feel that this court can make a determination on prevailing party status. And we would also point out that on the attorney... Making that determination, would we consider the relief that was granted and the relief that was requested? In answering your question earlier, I think that what you look at is what the claims were and what the relief is. And the relief only as to whether or not it furthers... I was asking you that question merely because you were saying we can do what Judge Robinson was suggesting we ought to let the district court do. Yes, but I would point the court to the St. John's Organic Farm case that was recently decided, which states that the goal of the Clean Water Act, as my opposing counsel stated,  So how much did you ask for in damages? There are no damages awarded in a Clean Water Act case. Did you ask for some damages, though? We asked for civil penalties. And that is what a court will determine. And if they find a violation of the Clean Water Act, it's mandatory that they assess civil penalties. Didn't you ask for a certain amount? We did not ask for a certain amount. We pointed out to the judge what the range is, up to $37,500 a day. Wasn't there $1,000,000? $78,000,000? $76,000,000. Yes, that's a calculation that the city has done. We never put a number on civil penalties. We acknowledge that the court has discretion on that number, and we also acknowledge that the court could issue a $1 nominal penalty, which they did. So there's no damages that are going to the plaintiffs in this case. And I also would point out that the Farrar case, which the opposing counsel relies upon, was a civil rights case where damages were an element of the claim. That is not the case here. And the court found there that the party was prevailing, but that there were no special circumstances or that there was no real relief granted in order to award an attorney's fee in that case. On the motion to dismiss, I would just point out that the precedential value of this case for small boat harbors, it's a case-by-case determination by EPA on whether or not a permit is to be issued. And the letter that the city has submitted and would like to vacate that part of the judgment actually states that that site currently does not require a permit. What's your response to opposing counsel's representation to the court that the alliance was going to use this district court decision as precedent to go to other harbors and compel them to comply? To my knowledge, I don't recall anything in the record saying that that was the intent. Our clients may want to use this case to go to other harbors and say, you know, this is an industrial activity that could require a permit. Could you please look into that and make sure that you're in compliance with the Clean Water Act? I don't believe that the intent would be to use it as a hammer to be suing all of the small boat harbors that are out there. It's more of an educational piece here. Did you represent the alliance below? Yes. I shouldn't have said that. In the district court. It's a good thing that Judge Ferris is not here. And the city also argues that the determination on the vacator with the motion to dismiss affects who the prevailing party is here. I don't think that that is the case. The same rule applies. As I stated, the threshold is very low to be a prevailing party. We can prevail on one issue. We could prevail on half an issue. And so the motion to dismiss does not actually affect the determination on the terming fees in this case. And for purposes of remand or whatever the court decides to do. All right. Thank you. Thank you to both counsel. The case has already been submitted for a decision by the court. Thank you for able arguments. This completes our calendar for the week, and this court stands adjourned. All rise. Thank you. Thank you.
judges: Farris, Thompson, Rawlinson